UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GRUBERMANN, )<br>)<br>Plaintiff, )<br>) No. 16-cv-04513<br>v. ) Hon. Marvin E. Aspen<br>)<br>SEAS & ASSOCIATES, LLC, )<br>)<br>Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Christopher Grubermann filed this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Plaintiff alleges that the Defendant, Seas & Associates, LLC, violated the FDCPA when it sent him a collection letter after he filed a bankruptcy petition that included the debt in question. Presently before us is Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons set forth below, we grant in part and deny in part Defendant's motion.

## BACKGROUND

We treat the following allegations as true for the purposes of this motion. *Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 601 (7th Cir. 2016). Plaintiff Grubermann incurred a debt of $89.85 to Charter Fitness Olympia Field. (Compl. ¶¶ 3, 11.)[1] Defendant Seas &

---

[1] In addition to the allegations set forth in the complaint, Plaintiff attached the collection letter as an exhibit to his brief in opposition to Defendant's motion to dismiss, arguing it should be considered by the Court. (*See* Ex. A to Opp'n Br. (Dkt. No. 15-1).) Generally, a court "may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion." *Burke v. 401 N. Wabash Venture, LLC,* 714 F.3d 501, 505 (7th Cir. 2013). However, Federal Rule of Civil

1

Associates, LLC acquired the debt after it was in default.  (*Id.* ¶ 6.)  On or around October 15, 2015, Plaintiff filed a voluntary bankruptcy petition, which Plaintiff alleges "included the [d]ebt" owed to Charter Fitness.  (*Id.* ¶ 10.)  Thereafter, on October 30, 2015, Defendant sent the collection letter to Plaintiff.  (*Id.* ¶ 11; Ex. A to Opp'n Br. (Dkt. No. 15-1).)  Among other things, the collection letter stated that Charter Fitness had "partnered with Seas & Associates, LLC to work with you in getting your payment information updated and your membership back in good standing" and provided instructions for how to pay the debt.  (Ex. A to Opp'n Br. (Dkt. No. 15-1).)  The collection letter also stated:

> YOUR RIGHTS AS A CONSUMER:  Unless you notify this office within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will [o]btain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  You may also request within 30 days after receiving this letter the name and address of the original creditor if different from the company listed above.  NOTICE:  THIS COMMUNICATION FROM A DEBT COLLECTOR IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

(*Id.*)  Plaintiff does not allege that he received any other communication from Defendant.

---

Procedure 10(c) permits a court to consider certain documents attached to briefs on a motion to dismiss.  *Id.*  Such documents "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *McCready v. eBay, Inc.,* 453 F.3d 882, 891 (7th Cir. 2006) (internal quotations omitted) (quoting *188 LLC v. Trinity Indus., Inc.,* 300 F.3d 730, 735 (7th Cir. 2002)).  While a plaintiff may not change the theory of relief or add claims in response to a motion to dismiss, the court may consider facts consistent with the allegations in the complaint.  *See Hrubec v. National R.R. Passenger Corp.*, 981 F.2d 962, 963 (7th Cir. 1992) ("A plaintiff need not put all of the essential facts in the complaint. He may add them by affidavit or brief."); *McDaniel v. Loyola Univ. Med. Ctr.*, No. 13-CV-06500, 2014 WL 4269126, at *8 (N.D. Ill. Aug. 28, 2014) ("The Seventh Circuit permits a plaintiff attempting to defeat a motion to dismiss to submit affidavits illustrating in greater detail the facts alleged in the complaint, as long as the additional facts are consistent with those in the complaint.").  Because the collection letter is referred to in the complaint and is central to Plaintiff's claims, we will consider the letter for purposes of deciding the instant motion to dismiss.

Plaintiff asserts that Defendant had notice that he was represented by an attorney but nevertheless proceeded to communicate with him directly. (*Id.* ¶ 16.) He also alleges that Defendant's collection letter misrepresented "the character, amount, and/or legal status of the Debt." (*Id.* ¶ 18.) Further, Plaintiff contends that Defendant used "false representations and/or deceptive means to collect, or attempt to collect, the Debt" (*Id.* ¶ 20); that Defendant engaged "in unfair and/or unconscionable means to collect, or attempt to collect, the Debt" (*Id.* ¶ 22); and that Defendant used "false, deceptive, or misleading methods" to collect the Debt (*Id.* ¶ 24).

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 540 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Thus, while a complaint need not give "detailed factual allegations," it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 540 U.S. at 545, 127 S. Ct. at 196465; *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 127,

3

S. Ct. at 1949. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Id.* at 678–79, 127 S. Ct. at 1949–50.

## ANALYSIS

The FDCPA generally prohibits debt collectors from engaging in abusive, deceptive, or unfair debt-collection practices. 15 U.S.C. § 1692. "Among other things, the FDCPA regulates when and where a debt collector may communicate with a debtor, *id.* § 1692c; restricts whom a debt collector may contact regarding a debt, *id.*; . . . and bans the use of false, deceptive, misleading, unfair, or unconscionable means of collecting a debt, *id.* §§ 1692e, 1692f." *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010). The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Here, Plaintiff asserts that by sending him a letter seeking to collect on a bankrupt debt, Defendant violated Sections 1692c, 1692e, and 1692f of the FDCPA. Defendant argues Plaintiff's complaint should be dismissed because it fails to state a claim. We address each of Plaintiff's claims below.

### I.  Alleged Violation of 15 U.S.C. § 1692c(a)(2) (Count I)

In Count I, Plaintiff alleges Defendant violated § 1692c(a)(2) by "communicating with a consumer after having notice the consumer was represented by an attorney." (Compl. ¶ 16.) Defendant argues Plaintiff's complaint is devoid of any plausible allegation that Seas & Associates, LLC had actual knowledge that Plaintiff was represented by counsel in connection with the debt. (Def.'s Mem. at 5. (Dkt. No. 9).) In order to state a claim under § 1692c(a)(2), a

4

plaintiff must show that the debt collector knew that the consumer was represented by an attorney "with respect to such debt" and that the debt collector had "knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2).

Plaintiff contends he must only show that the debt collector could "readily ascertain" his attorney's name and address. (Opp'n Br. at 3 (Dkt. No. 15).) However, § 1692c(a)(2) states "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . *if the debt collector knows the consumer is represented by an attorney* with respect to such debt *and* has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2) (emphasis added). Thus, Plaintiff must show both that the debt collector knew he was represented *and* that the debt collector knew or could identify the name and address of the attorney. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) (explaining that § 1692c(a)(2) "makes liability depend on the actor's knowledge").

Plaintiff also incorrectly argues that "[g]iven the strict liability nature of the FDCPA . . . Defendant violated § 1692c by communicating with a consumer that was represented by a bankruptcy attorney." (Opp'n Br. at 3 (Dkt. No. 15).) To the contrary, § 1692c does not impose strict liability. As stated above, liability under § 1692c(a)(2) is dependent on the debt collector's knowledge that the debtor was represented by counsel in connection with the debt. *See Randolph*, 368 F.3d at 730. Moreover, knowledge generally may not be imputed to the debt collector. *Id.* at 729 (finding "[c]ourts do not impute to debt collectors other information that may be in creditors' files—for example, that the debt has been paid or was bogus to start with"). Therefore, the mere existence of the bankruptcy petition is not enough to establish Defendant actually knew about the petition, much less that Defendant knew the petition included the debt at

5

issue or that Plaintiff was represented by counsel in connection with the petition. Plaintiff has only alleged that at the time of the collection letter, "Defendant knew, or should have known, that Plaintiff filed bankruptcy." (Compl. ¶ 12.) He fails to allege Defendant was on notice that Plaintiff was represented by counsel—an essential, but missing, element of his claim.[2] *Randolph*, 368 F.3d at 729–30.

Taking Plaintiff's non-conclusory allegations as true and resolving all reasonable inferences in Plaintiff's favor, he has only alleged that Defendant Seas & Associates, LLC knew Plaintiff filed for bankruptcy and that the bankruptcy included the subject debt. (Compl. ¶¶ 10, 12.) He does not allege, and it does not necessary follow, that Plaintiff was represented by an attorney or that Defendant knew of the representation. Plaintiff's conclusory claim that "Defendant violated . . . § 1692c(a)(2) by communicating with a consumer after having notice that the consumer was represented by an attorney" (Compl. ¶ 16) is not entitled to a presumption of truth. *Iqbal*, at 678–79, 127 S. Ct. at 1949–50. Accordingly, Plaintiff has failed to state a claim that Defendant violated § 1692c(a)(2), and Defendant's motion to dismiss Count I is granted. Count I is dismissed without prejudice.

---

[2] Plaintiff also argues that Defendant should have discovered the bankruptcy pursuant to the requirements set forth in § 1692k(c). (Opp'n Br. at 4 (Dkt. No. 15).) Section 1692k(c) provides a "due care" affirmative defense, allowing a defendant to avoid liability by proving a violation of the FDCPA was "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c); *see also Randolph*, 368 F.3d at 730. Plaintiff argues that had Defendant "maintained the requisite reasonable procedures [under § 1692k(c)], it would have been able to discover the bankruptcy, as well as the name and address of Plaintiff's bankruptcy attorney." (Opp'n Br. at 4 (Dkt. No. 15).) Whether Defendant ultimately asserts and proves this defense has no bearing on whether Plaintiff's pleadings are sufficient to state a claim for relief.

## II. Violations of 15 U.S.C. § 1692e (Counts II, III, V)

Defendant next argues that Plaintiff has failed to state a claim in Counts II, III, and V, which seek relief for alleged violations of § 1692e. Under this section, a debt collector is prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. For example, debt collectors may not falsely represent "the character, amount, or legal status of any debt," nor may they use any false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. 15 U.S.C. §§ 1692e(2)(a), (10). Unlike under § 1692c(a)(2), a strict liability standard applies to § 1692e claims. *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009). Therefore, "ignorance is no excuse," and a debt collector may run afoul of § 1692e even though a false representation was unintentional. *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003).

To state a claim under § 1692e, a plaintiff must also show that the false, deceptive, or misleading communication "would confuse the unsophisticated consumer." *Wahl*, 556 F.3d at 646 ("If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense."); *accord. McMillan v. Collection Prof'l Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (explaining the inquiry "requires a fact-bound determination of how an unsophisticated consumer would perceive the letter"). "While the unsophisticated debtor is considered 'uninformed, naive, or trusting,' he is nonetheless deemed to possess 'rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (quoting *Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 564–66 (7th Cir. 2004)).

In addition, "[a] statement cannot mislead unless it is material, so a false but nonmaterial statement is not actionable." *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009).

"A demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not." *Randolph*, 368 F.3d at 728. Further, a "misleading implication" may arise when a debt collector sends a collection letter to an individual whose debt is subject to a bankruptcy proceeding, because the unsophisticated consumer may be confused or misled by receiving a collection letter stating that he owes a debt that has been stayed in bankruptcy. *Turner*, 330 F.3d at 995 (holding a reasonable, unsophisticated consumer could be misled by the receipt of a collection letter stating the consumer owed a debt that had been discharged in bankruptcy).

Taking Plaintiff's well-pleaded allegations as true, the complaint adequately alleges that Defendant's collection letter attempts to collect a debt that was discharged in bankruptcy, and therefore, Defendant falsely represented the legal status of the debt. *See* 15 U.S.C. § 1692e(2)(A) ("Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (2) [t]he false representation of . . . (A) the character, amount, or legal status of any debt"). It is also plausible that a reasonable, unsophisticated consumer may believe he was obligated to pay the debt notwithstanding the filed bankruptcy petition. *See, e.g.*, *Turner*, 330 F.3d at 995. Accordingly, Defendant's motion to dismiss Counts II, III, and V is denied.

**III.     Violation of 15 USC § 1692f (Count IV)**

Plaintiff also alleges that Defendant's collection letter violated § 1692f by engaging in unfair or unconscionable means to collect the debt.  Section 1692f bars the use of "unfair or unconscionable means to collect or attempt to collect any debt" and lists eight specific violations "without limiting the general application" of the statute.  15 U.S.C. § 1692f.  As with § 1692e, a violation of § 1692f hinges on how an unsophisticated, but reasonable, consumer would view the demand for payment.  *Turner*, 330 F.3d at 996–97.  However, where a debt collector's notice violates § 1692e, liability does not necessarily attach under § 1692f , because even if the attempt to collect was unlawful, it may not be unfair or unconscionable.  *Id*.; *see also Todd v. Collecto, Inc.*, 731 F.3d 734, 739 (7th Cir. 2013) ("Asking a consumer to pay a debt discharged in bankruptcy, for example, is not unfair or unconscionable within the meaning of § 1692f, though it violates another provision of the FDCPA.").

Plaintiff's only allegation arguably supporting his claim under § 1692f simply restates, in conclusory fashion, the statutory language.  (*See* Compl. ¶ 22 (alleging Defendant "violated 15 [U.S.C.] § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt").)  This threadbare recital of the elements of the claim is insufficient to defeat a motion to dismiss.  *Iqbal*, 556 U.S. at 678, 127 S. Ct. at 1949.  Plaintiff fails to identify how the conduct by the debt collector was unfair or unconscionable or why the language used therein renders the collection letter improper under § 1692f .  Moreover, the collection letter mirrors the language required by § 1692g(a), which mandates that debt collectors provide, among other things, the amount of the debt, the name of the creditor, and certain statements regarding procedures for disputing the validity of the debt.  *See* 15 U.S.C. § 1692g(a).  A collection letter

merely providing the information required by § 1692g(a) does not run afoul of § 1692f. *See Turner*, 330 F.3d at 997 ("[W]e hold that a letter simply providing the information required by § 1692g(a) is not an unfair or unconscionable means of debt collection under § 1692f, even when the debt collector may have violated some other provision of the FDCPA."); *Harrer v. RJM Acquisitions, LLC*, No. 10-CV-7922, 2012 WL 162281, at *5 (N.D. Ill. Jan. 19, 2012) ("Regardless of whether a collection letter falsely implies that a consumer owes a debt that he does not actually owe, if the letter simply provides to the consumer the information required under § 1692g(a)—the amount of the debt, the name of the creditor, and the required statements regarding a verification request—it is not 'unfair' for purposes of § 1692f.").

In light of Plaintiff's conclusory allegations and the fact that the collection letter contains the information required by § 1692g(a), Plaintiff has not stated a plausible claim for relief under § 1692f. His allegations are inadequate to support a claim that a reasonable, unsophisticated consumer would conclude that the collection letter was an "unfair or unconscionable" means of debt collection. *See Turner*, 330 F.3d at 998; *Todd*, 731 F.3d at 739. Plaintiff does not allege facts to show that Defendant's alleged conduct was unfair or unconscionable aside from simply asserting that it was. *Iqbal*, 556 U.S. at 678, 127 S. Ct. at 1949. Accordingly, Defendant's motion to dismiss Count IV is granted, and the claim is dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss Plaintiff's complaint is granted in part and denied in part. Defendant's motion is granted as to Counts I and IV, and these claims are dismissed without prejudice. Defendant's motion is denied as to Counts II, III, and V. It is so ordered.

Date: August 17, 2016

_____
Honorable Marvin E. Aspen